## Coleman and Wife *et al. versus* Eberly.

1. A devise was to Eberly, "that part of the McKinstry farm at present occupied and farmed by Brown, containing eight fields." Parol evidence was admissible to show that the description "containing eight fields" was a mistake, and that the part occupied, &c., by Brown contained nine fields.

2. The evidence was that the part of the McKinstry farm occupied and farmed by Brown was *nine* fields. *Held,* that its applicability to the devise and the credibility of the witnesses was for the jury, under proper instructions as to their effect.

3. "That part of the McKinstry farm at present occupied, &c., by Brown," was a description of the devise which had no other means of identification.

May 13th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Franklin county:* Of May Term 1874, No. 71.

This was an action of ejectment, brought May 29th 1872, by Charles A. Eberly against Daniel Clapsaddle, William Coleman and Susan R., his wife, in her right, for a piece of land containing 18 acres more or less.

[Coleman *v.* Eberly.]

The land in dispute had belonged to Adam Hoke, deceased, under whom both parties claimed. By his will dated May 21st 1867, and proved June 12th 1869, he gave designated pieces of land to several of his children and then gave; "To the children of my deceased daughter Ann Eberly, as follows, viz. : to Charles Adam Eberly, that part of the 'McKinstry farm' at present occupied and farmed by William Brown, containing eight fields, &c. * * *

"I give and bequeath to my daughter Susan, married to William Coleman of Reading, the 'Stewart farm,' at present occupied by Unger, and which at present includes a portion of the 'McKinstry farm,' being cut off by the new road, and now attached to the said 'Stewart farm,' it being understood that the land cut off by said road from the 'Stewart farm,' is to go to and belong to the said Susan Coleman." * * *

He further directed his executors to sell and convey all his real estate not devised specifically.

The plaintiff claimed that a ninth field, which was part of the McKinstry farm, and which he alleged was at the date of the will occupied and farmed by William Brown, passed by the devise to him.

The case was tried January 23d 1874, before Hall, P. J.

The plaintiff having given the will in evidence, called John Brown, who testified that he had lived on the farm in 1867, with his father, William Brown ; the disputed field was in corn in 1867 ; "there were nine fields in the farm, including the cemetery field ; only eight after that was taken off."

J. W. Witherspoon, a surveyor, testified that by a survey made according to the deed from McKinstry to the testator, the field in dispute is part of that farm.

He gave evidence by several witnesses that the disputed field had been farmed in 1867, by William Brown : also that the land conveyed by the McKinstry deed included eight fields, with the field in dispute, the Stewart farm and other land, and that the testator owned two or three farms besides those specifically devised.

A draft of the land was given in evidence, showing eight fields and the field in dispute and the "cemetery lot." It showed also the field which was cut off by a public road from the field in dispute and devised to Mrs. Coleman.

Under objection and exception the defendants gave the following evidence :—

That the field in dispute, called the "Old Wilkey field," before and after the year 1867, had been farmed with another farm of the testator. A lease dated March 22d 1865, from the testator to William Kiser of the "McKinstry farm," for one year from the next 1st of April ; also lease from the testator dated March 23d 1866, for one year from the 1st of April next to William Brown

[Coleman *v.* Eberly.]

for " the farm now occupied by Kiser excepting ten acres, it being sold to cemetery;" it was to be farmed to the shares.

William Brown testified that he lived on the farm leased to him from the spring of 1866 till the spring of 1868; that he farmed the field in dispute in 1867; he had rented the farm in the fall of 1865 to move there in April 1866, and had not rented the field in dispute; one field which he had rented the testator sold for a cemetery in the summer of 1866; the testator then told him to farm the field in dispute; he delivered to the testator one-half the corn raised on this field. When he rented there were nine fields; the cemetery field being cut off, reduced the number to eight; Kiser had the nine fields which had been agreed to be leased to witness, but not the field in dispute.

The court directed the jury to find for the plaintiff.

The jury so found.

The defendants took a writ of error and assigned for error: that the court did not submit the questions of fact to the jury and directed the jury to find for the plaintiff.

*F. M. Kimmel,* for plaintiffs in error.—The question was the proper application of the description in the will to the farm, and parol evidence being necessary to make the application, the question was for the jury: Brownfield *v.* Brownfield, 8 Harris 59; Best *v.* Hammond, 5 P. F. Smith 409.

*J. McD. Sharpe* (with whom was *F. S. Stambaugh*), for defendant in error.—The circumstances of the testator, &c., are admissible to aid in the construction of a will: Postlethwaite's Appeal, 18 P. F. Smith 478; Rewalt *v.* Ulrich, 11 Harris 389. A defective designation may be repaired by parol proof: Newell's Appeal, 12 Harris 197; Domestic & For. Missionary Society, 6 Casey 425; Vernor *v.* Henry, 3 Watts 385. Latent ambiguity may be removed by parol evidence: Brownfield *v.* Brownfield, 8 Harris 55. The evidence as to what Brown occupied having removed the ambiguity the construction was for the court: Comfort *v.* Mather, 2 W. & S. 453; Best *v.* Hammond, 5 P. F. Smith 409; Wusthoff *v.* Dracourt, 3 Watts 240; Miller *v.* Springer, 20 P. F. Smith 269; Wallize *v.* Wallize, 5 Id. 242; Stebbing *v.* Walkey, 2 Brown's C. Rep. 85.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 25th 1874.

Parol evidence was unquestionably admissible to show what was the " extent of the McKinstry farm occupied and farmed by William Brown," at the date of the will of the testator, Adam Hoke, and that the descriptive addition to the devise, " containing eight fields," was a mistake. If this was shown it would fall within the

[Coleman *v.* Eberly.]

rule *Falsa demonstratio non nocet.* But it is very plain that this was a question for the jury. However clearly the parol evidence might establish the fact that the McKinstry farm occupied and farmed by William Brown at the date of the will contained nine fields—and not eight, as described—the credibility of that evidence, and the application of it to the case, must be determined by the jury, under instructions as to its legal effect by the court. We think, therefore, that the learned judge below fell into an error in directing a verdict for the plaintiff, which established that the McKinstry farm did consist of nine fields, and not eight, as described in the will.

Judgment reversed, and *venire facias de novo* awarded.

The case came on for trial again on the 24th of January 1874, before Rowe, P. J.

The evidence was substantially the same as on the first trial.

The plaintiff's third point, which was affirmed, was :—

The words " *containing eight fields,*" will not control the more specific designation which Adam Hoke used to describe the land devised to the plaintiff, embodied in the language " *that part of the McKinstry farm at present occupied and farmed by William Brown,*" and these latter words, if they correctly described the land in dispute, at the date of the will, must prevail to give the plaintiff the verdict.

The defendants' 2d and 3d points, which were refused, were:—

In the devise under which the plaintiff claims, the testator. has given a clear and unmistakable description of the land which he intended to give to the plaintiff by his will, namely, eight fields of the McKinstry farm then in the tenancy of William Brown, and as the plaintiff has failed to show that the testator was acting under a mistake, when he made that description, the plaintiff is limited to the eight fields and cannot recover.

When the jury come to apply the devise to the land, doubtful and ambiguous expressions must give way before those which are clear and unambiguous, and if the jury from the evidence find that the eight fields in the description are found in the plaintiff's favor, without the one in dispute, then this fills the description and gives the plaintiff all he has any right to claim, and he cannot recover.

The court charged :—

" The language of the will is : ' I give and bequeath to Charles Adam Eberly (the plaintiff) that part of the ' McKinstry farm ' at present occupied and farmed by William Brown, containing eight fields.

[" Now the construction of this devise is for the court, and we say that under this devise the plaintiff took all that part of the McKinstry farm at the date of the will occupied and farmed by William Brown, whether eight fields or more. The words, con-

taining eight fields, do not limit the previous clause, but are a descriptive addition, as if the testator had said containing 200 acres.]

"All we have to do is apply the description in the will to the subject of the devise, and give to the plaintiff this field if it was a portion of that part of the McKinstry farm occupied and farmed by William Brown on the 21st of May 1867, and to refuse it to him if it was not. That the testator describes the tract devised to the plaintiff as containing eight fields is a fact in the case bearing on the question of whether this ninth field was in the occupancy of Brown at the date of the will.

"First, then, was this field in dispute, part of the 'McKinstry farm?' For the testator gives the plaintiff only 'part of the McKinstry farm,' and under these words he cannot take lands which were not part of the McKinstry farm.' How did the testator use the words 'the McKinstry farm?' The plaintiff contends that he used them to describe the whole body of land conveyed by McKinstry to Hoke; and I think this is the most easily accepted interpretation. In another clause of the will he speaks of the 'Stewart farm' as including a portion of the McKinstry farm. Now it is not disputed among counsel that this 18-acre field, indeed, the whole of the 'Old Wilkey field,' was conveyed by McKinstry to Hoke. This field in dispute then was a part of the McKinstry farm, if these words—the McKinstry farm—were used by the testator to mean the tract bought by him of McKinstry. But the defendants contend and have tried to show that this field is part of a larger field called by the testator the 'Old Wilkey field,' which though bought with the other lands from McKinstry, was not regarded by the testator as any part of the McKinstry farm, as he was accustomed to use the words 'the McKinstry farm.' This position of the defendants has not been established very satisfactorily to me, but may have been established to your satisfaction, and if you find it to be sustained by the evidence the plaintiff cannot recover.

"I incline to think that the testator used the words 'McKinstry farm' to mean all the lands he had bought of McKinstry; and if so, then this field was part of the McKinstry farm, and the plaintiff will have taken one step toward a recovery. But only one; for he must go on and show that not only was the field a part of the McKinstry farm, but that it was, at the date of the will, occupied and farmed by William Brown. 'Occupied' is defined by Webster as 'held in possession.'

"The plaintiff has called William Brown and others. The substance of their testimony is:" * * * After stating it the court proceeded:—

"The defendants, on the other hand, have endeavored principally to show that Hoke was familiar with his farms; that this field was not previously used in connection with the Eberly farm, which con-

[Coleman *v.* Eberly.]

tained the eight fields not in dispute; that it was not contained in the tract leased to Brown by the written agreement; that Hoke had given him another field for oats in the spring previous, but only temporarily; that Hoke and Anderson pastured this field in the fall of 1867, and that Anderson repaired the fences that year; that this field was always used in connection with the 'Home,' or 'Stewart' farms; that in 1866, when Hoke allowed Brown to take it for corn, it was under lease to Miller, and at the date of the will, was under lease with the 'Home' farm, to Anderson. And so I understand the testimony of Miller and Anderson to be.

"If the evidence of these two witnesses is to the effect that defendants contend for, they may argue that at the date of the will this field was under lease to Anderson, and that he had therefore the possession and occupancy of it, though it was planted in corn at the time, by Brown; that though Brown was permitted to put a crop of corn in the field—for he says that it was given to him for that purpose only, and that though he pastured it, he did not think he had any right to do so—yet that Miller under his lease was in possession in 1866, and Anderson under his lease in 1867. This is a very strong point made by defendants. * * *

"The case turns very much upon the word 'occupy.' That this field was, at the date of the will, *farmed* by William Brown, is not a matter of contention among the counsel, but was it then in a proper sense, occupied—held in possession—by him? To farm land is not necessarily to occupy it. If, for instance, the testator or his tenant had had a crop growing in this field, ready to harvest, and Brown had been permitted to cut it only, and had been so engaged at the date of the will, it could be said he was, at the date of the will, farming the land, but it could not be said that he occupied it. So in the same way, the question arises whether one who merely puts a field in corn for one crop, though he farms the land, can be said to occupy it. If the testator, in your opinion, attached this field to the other lands leased to Brown, so as to make it a part of the farm occupied by him, and it was so attached to and made a part of that farm at the date of the will, then it was occupied by Brown. But if Mr. Hoke, without attaching it to Brown's land, only permitted him to use it for a special and temporary purpose, then, though *farmed*, it cannot be said to have been *occupied* by Brown." * * *

The verdict was for the plaintiff.

The defendants sued out a writ of error and assigned for error: the answers to the points and the part of the charge in brackets.

The case was heard in the Supreme Court, on this writ of error, May 12th 1875, before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

[Coleman *v.* Eberly.]

*J. Stewart* (with whom was *F. M. Kimmell*), for plaintiffs in error.—The doctrine *falsa demonstratio non nocet*, applies only when the words of devise exclusive of the false description are of themselves sufficient to describe the property; reference being had to the situation of the premises and other circumstances pointing to the meaning of the description: Hubbard *v.* Hubbard, 15 Q. B. 341. If all the references to the devise are true, the court can not reject any of them.

*J. McD. Sharpe* (with whom was *F. S. Stambaugh*), for defendants in error, cited Vernor *v.* Henry, 6 Watts 193; Stebbing *v.* Walkey, 2 Brown Ch. Rep. 85.

Judgment was entered in the Supreme Court, May 24th 1875.

PER CURIAM.—The devise of "that part of the McKinstry farm at present occupied and farmed by William Brown," is clearly a description of the thing devised. It has no other means of identification. A devise of that part of the McKinstry farm containing eight fields, would not define the devise at all unless the McKinstry farm had but eight fields upon it in all.

It is clear therefore when there were more than eight fields in this farm, the devise could be determined only by ascertaining what part of the farm was occupied and farmed by Brown. If he occupied and farmed more than eight fields and we confine the devise to eight, what fields shall they be? Neither court nor jury could determine this, for it would be to make a will not to interpret it. It is manifest that the two descriptions cannot stand together, and we must take that which will give the will effect, which is by giving the devisee the part of the farm occupied and farmed by Brown. This was necessarily a fact for the jury, and was fairly submitted.

Judgment affirmed.